JOHN JAHRMARKT, ESQ. (SBN 175569)
JAHRMARKT & ASSOCIATES
2049 Century Park East
Suite 3850
Los Angeles, California 90067
(310) 226-7676
(310) 226-7677 fax
jjlawyer@mail.com

Attorneys for Plaintiffs
HANNAH AN, an individual; TIFFANY VU; an individual, VICTOR VU, an individual; HANNAH AN, as the Administrator of THE ESTATE OF MICHAEL CROOK

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HANNAH AN, an individual; TIFFANY VU; an individual, VICTOR VU; an individual; HANNAH AN, as the Administrator of THE ESTATE OF MICHAEL CROOK, <br><br>        Plaintiffs, <br><br>        v. <br><br>UNITED STATES OF AMERICA; and DOES 1 through 50, Inclusive, <br><br>        Defendants. | CASE NO.: <br><br>**COMPLAINT FOR:** <br>1. **WRONGFUL DEATH AND SURVIVAL ACTION-FTCA** for Medical Negligence (Non-Jury Claim) <br>2. **WRONGFUL DEATH AND SURVIVAL ACTION-FTCA** for Negligent Establishment of Policy for Provision of Medical Care to Inmates (Non-Jury Claim) <br>3. **WRONGFUL DEATH AND SURVIVAL ACTION-FTCA** for Negligent Application of Policy for Provision of Medical Care to Inmates (Non-Jury Claim) <br>4. **SURVIVAL ACTION-FTCA** for Intentional Infliction of Emotional Distress (Non-Jury Claim) <br>5. **WRONGFUL DEATH** CCP 377.60-FTCA for Intentional Infliction of Emotional Distress (Non-Jury Claim) <br>6. **WRONGFUL DEATH AND SURVIVAL ACTION**-Bivens Claim for Inadequate Medical Care <br>7. **WRONGFUL DEATH AND SURVIVAL ACTION**-Bivens Claim for Substantive Due Process - Interference with Familial Relationship <br><br>DEMAND FOR JURY TRIAL |

JAHRMARKT & ASSOCIATES
10880 Wilshire Boulevard, Suite 2070
Los Angeles, California 90024
(310) 446-8989
(310) 446-8988 fax

-1-

**COMPLAINT**

Plaintiffs HANNAH AN, an individual; TIFFANY VU; an individual, VICTOR VU, an individual; HANNAH AN, as the Administrator of THE ESTATE OF MICHAEL CROOK ("Plaintiffs") hereby allege:

1.   This is an action by Plaintiffs for the wrongful death of MICHAEL CROOK ("Decedent").  The Decedent died when he was an inmate within the Bureau of Prisons' FCI Lompoc facility, operated by Defendant USA.  Decedent died as a result of Defendants' deliberate indifference to his medical needs.

## THE PARTIES

2.   Plaintiff HANNAH AN is, and at all times relevant herein, was an individual and a resident of California and was the wife of the Decedent.

3.   Plaintiff TIFFANY VU is, and at all times relevant herein, was an individual and a resident of California and was a child of the Decedent.

4.   Plaintiff VICTOR VU is, and at all times relevant herein, was an individual and a resident of California and was a child of the Decedent.

5.   Plaintiff HANNAH AN, as the Administrator of THE ESTATE OF MICHAEL CROOK is the representative of THE ESTATE OF MICHAEL CROOK.

6.   Defendant USA operates the Federal Bureau of Prisons ("BOP"), which in an agency of the United States Department of Justice. Defendant USA is responsible for the custody and care of sentenced federal inmates and is charged

-2-
**COMPLAINT**

JAHRMARKT & ASSOCIATES
10880 Wilshire Boulevard, Suite 2070
Los Angeles, California 90024
(310) 446-8989
(310) 446-8988 fax

with the management and regulation of all Federal penal and correctional institutions, including FCI Lompoc.

7. Defendant UNITED STATES OF AMERICA ("USA") is a sovereign governmental entity and is responsible for the proper administration, actions and inactions of its agencies, including BOP and its Federal penal and correctional institutions, including FCI Lompoc

8. Plaintiffs are unaware of the true identity and capacity of each of the defendants named herein as Does 1 through 50, inclusive. Plaintiffs will seek to amend this Complaint to state the names and capacities of said Doe defendants when ascertained. Plaintiffs are informed and believe and on that basis allege that each of said Doe defendants was responsible for and contributed to the acts hereinafter alleged and that Plaintiffs' damages were proximately caused by the acts and omissions of said fictitious defendants.

9. Plaintiffs are informed and believe and on that basis allege that, in engaging in the acts hereinafter alleged, each of the defendants was the agent, servant and employee of each of the other defendants, and performed each of the acts hereinafter alleged within the course and scope of such agency and employment and with the knowledge, consent, approval, authorization and ratification of each other defendant.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant 28 U.S.C. §1346(b) which provides Federal District

-3-
**COMPLAINT**

Courts with "exclusive jurisdiction" over tort claims against the United States. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and §1402(b) in that a substantial part of the events or omissions giving rise to the claims made herein occurred within this district and because the Plaintiffs reside in this district. Subject matter jurisdiction over those of Plaintiffs' claims, if any, that arise under state law is based upon the principles of supplemental jurisdiction set forth in 28 U.S.C. § 1367, and the provisions of 28 U.S.C. § 1338(b).

11. Plaintiffs timely filed an Administrative Claim for Relief ("Tort Claim") under the Federal Tort Claims Act, Title 28 U.S.C. §1346(b), 2671 et. seq. with the Federal Bureau of Prisons. On or about November 14, 2016, Plaintiffs received written notice that the Tort Claim was denied.

**BACKGROUND**

12. The Decedent died when he was an inmate within the Bureau of Prisons' FCI Lompoc facility, operated by Defendant USA. When Decedent's custody began, he suffered from a number of medical conditions that required special care, treatment and consideration in selection of daily activities and the environment in which he was housed. The conditions included but were not limited to lupus, epilepsy, seizure disorder, shingles, bi-lateral hip replacement, shoulder reconstruction and back pain.

13. During Decedent's intake screening, Defendants

JAHRMARKT & ASSOCIATES
10880 Wilshire Boulevard, Suite 2070
Los Angeles, California 90024
(310) 446-8989
(310) 446-8988 fax

-4-
**COMPLAINT**

JAHRMARKT & ASSOCIATES
10880 Wilshire Boulevard, Suite 2070
Los Angeles, California 90024
(310) 446-8989
(310) 446-8988 fax

refused to note in his medical intake history any of these serious medical conditions.

14. As a result, he was assigned to work outside, in direct sunlight, causing a "flare up" of his lupus and shingles.

15. Thereafter, The Decedent presented to the Prison medical offices and instead of being provided medical care and treatment for his very serious condition, he was assigned to solitary confinement and deprived of all needed medical care.

16. The solitary confinement cell was unclean and caused Decedent to be exposed to vomit, feces and urine from prior occupants of the cell.

17. On April 22, 2015, after a number of days in solitary confinement, Decedent's medical condition worsened and he was transported to the hospital where he was diagnosed with renal failure and sepsis. He died on April 29, 2015.

18. FCI Lompoc and its agents and employees fell below the standard of care in medically screening Decedent and providing medical care and treatment

19. Defendants knew or should have known that Decedent had a serious medical condition that prevented him from safely working strenuously or in direct sunlight. Notwithstanding this knowledge, he was assigned to work in a manner which caused his preexisting health conditions to worsen. Decedent was then isolated in an unsanitary confinement room and died.

-5-
**COMPLAINT**

JAHRMARKT & ASSOCIATES
10880 Wilshire Boulevard, Suite 2070
Los Angeles, California 90024
(310) 446-8989
(310) 446-8988 fax

20.    Decedent died as a result of Defendants' deliberate indifference to his medical needs.

**Count I**

**WRONGFUL DEATH AND SURVIVAL ACTION)-FTCA Claim against USA**

**for Medical Negligence (Non-Jury Claim)**

21.    Plaintiff specifically reallege and incorporate by reference each and every allegation set forth above.

22.    Defendant USA's treatment of Decedent while he was detained at SFCI Lompoc violated the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674. This action is brought under the California Wrongful Death Statute (CCP § 377.60, 377.61, 377.62), the California Survival Statutes (CCP § 377.20, 377.21, 377.30) and/or the Federal common law survival rule.

23.    All conditions precedent to this lawsuit have been performed or have occurred, including providing pre-suit notice to the USA pursuant to the FTCA. Six months have elapsed from the date a pre-suit claim was filed. Therefore, all administrative exhaustion requirements have been met and this claim is ripe.

24.    At all material times, the USA carelessly and negligently cared for and treated Decedent while he was detained at FCI Lompoc, and provided medical care in a careless and negligent manner and also acted with deliberate indifference to Decedent's known serious medical condition. The USA carelessly and negligently treated, managed, monitored and supervised Decedent's condition during his detention.

-6-
**COMPLAINT**

JAHRMARKT & ASSOCIATES
10880 Wilshire Boulevard, Suite 2070
Los Angeles, California 90024
(310) 446-8989
(310) 446-8988 fax

25. The USA's negligent care and negligent failure to administer appropriate care directly and proximately resulted in certain injury and disability to Decedent, all to his general damage.

26. As a direct and proximate result of the USA's negligence, Decedent suffered from Lupus flare ups, shingles, renal failure, sepsis; great physical, mental, and emotional pain; disfigurement and disability; and death.

27. As a further direct and proximate result of the negligent, acts, omissions and conduct of the USA and its agents, and the injuries caused to Decedent, Decedent was required to and did incur expenses for services of hospitals, doctors, and other medical care and treatment in an amount not now known.

## Count II

**(WRONGFUL DEATH AND SURVIVAL ACTION)-FTCA Claim against USA for Negligent Establishment of Policy for Provision of Medical Care to Inmates (Non-Jury Claim)**

28. Plaintiffs specifically reallege and incorporate by reference each and every allegation set forth above.

29. Defendant USA's treatment of Decedent while he was detained at FCI Lompoc violated the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674. This action is brought under the California Wrongful Death Statute (CCP § 377.60, 377.61, 377.62), the California Survival Statutes (CCP § 377.20, 377.21, 377.30) and/or the Federal common law survival rule.

30. All conditions precedent to this lawsuit have been

-7-
**COMPLAINT**

JAHRMARKT & ASSOCIATES
10880 Wilshire Boulevard, Suite 2070
Los Angeles, California 90024
(310) 446-8989
(310) 446-8988 fax

performed or have occurred, including providing pre-suit notice to the USA pursuant to the FTCA. Six months have elapsed from the date a pre-suit claim was filed. Therefore, all administrative exhaustion requirements have been met and this claim is ripe.

31. At all material times, the USA failed to use reasonable care in the establishment of policies and directives for the provision of medical care to detainees/prisoners. The policies and directives for the provision of medical care were unreasonable and inadequate in part because these policies violated clearly established constitutional law.

32. As a direct and proximate result of the USA's negligence, Decedent suffered from Lupus flare ups, shingles, renal failure, sepsis; great physical, mental, and emotional pain; disfigurement and disability; and death.

33. As a further direct and proximate result of the negligent, acts, omissions and conduct of the USA and its agents, and the injuries caused to Decedent, Decedent was required to and did incur expenses for services of hospitals, doctors, and other medical care and treatment in an amount not now known.

**Count III**

**(WRONGFUL DEATH AND SURVIVAL ACTION)-FTCA Claim against USA for Negligent Application of Policy for Provision of Medical Care to Inmates (Non-Jury Claim)**

34. Plaintiffs specifically reallege and incorporate by reference each and every allegation set forth above.

-8-

**COMPLAINT**

JAHRMARKT & ASSOCIATES
10880 Wilshire Boulevard, Suite 2070
Los Angeles, California 90024
(310) 446-8989
(310) 446-8988 fax

35. Defendant USA's treatment of Decedent while he was detained at FCI Lompoc violated the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674. This action is brought under the California Wrongful Death Statute (CCP § 377.60, 377.61, 377.62), the California Survival Statutes (CCP § 377.20, 377.21, 377.30) and/or the Federal common law survival rule.

36. All conditions precedent to this lawsuit have been performed or have occurred, including providing pre-suit notice to the USA pursuant to the FTCA. Six months have elapsed from the date a pre-suit claim was filed. Therefore, all administrative exhaustion requirements have been met and this claim is ripe.

37. At all material times, the USA carelessly and negligently implemented and/or applied the detainee/prisoner medical care policy such that the Decedent's request for medical screening, intake, care and treatment was denied. In addition to qualifying as negligence, the USA's action violated the Decedent's constitutional right to adequate and reasonable medical care.

38. As a direct and proximate result of the USA's negligence, Decedent suffered from Lupus flare ups, shingles, renal failure, sepsis; great physical, mental, and emotional pain; disfigurement and disability; and death.

39. As a further direct and proximate result of the negligent, acts, omissions and conduct of the USA and its agents, and the injuries caused to Decedent, Decedent was required to and did incur expenses for services of hospitals, doctors, and other medical care and treatment in

-9-

**COMPLAINT**

JAHRMARKT & ASSOCIATES
10880 Wilshire Boulevard, Suite 2070
Los Angeles, California 90024
(310) 446-8989
(310) 446-8988 fax

an amount not now known.

## COUNT IV

**(SURVIVAL ACTION)- FTCA Claim against USA for Intentional Infliction of Emotional Distress (Non-Jury Claim) by HANNAH AN, as the Administrator of THE ESTATE OF MICHAEL CROOK only**

40.   Plaintiffs specifically reallege and incorporate by reference each and every allegation set forth above.

41.   Defendant USA's treatment of Decedent while he was detained at FCI Lompoc violated the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674. This action is brought under the California Survival Statutes (CCP § 377.20, 377.21, 377.30) and/or the Federal common law survival rule.

42.   All conditions precedent to this lawsuit have been performed or have occurred, including providing pre-suit notice to the USA pursuant to the FTCA. Six months have elapsed from the date a pre-suit claim was filed. Therefore, all administrative exhaustion requirements have been met and this claim is ripe.

43.   At all material times, the USA's treatment of Decedent during his detention, including but not limited to the failure to provide him reasonable and humane medical care, was conducted in an extreme and outrageous manner with the knowledge that Decedent was unable to care for himself during his incarceration.

44.   The USA acted intentionally or with the reckless disregard of causing emotional distress.

45.   As a direct and proximate result of the unlawful

**COMPLAINT**

JAHRMARKT & ASSOCIATES
10880 Wilshire Boulevard, Suite 2070
Los Angeles, California 90024
(310) 446-8989
(310) 446-8988 fax

conduct of the USA and its agents, Decedent has suffered special damages, including but not limited to past and future loss of income, benefits, medical expenses, and other damages to be proven at the time of trial.

46. As a direct and proximate result of the unlawful conduct of the USA and its agents, Decedent has suffered general damages, including but not limited to shock, embarrassment, physical distress and injury, humiliation, severe emotional distress, stress and other damages to be proven at the time of trial.

47. Plaintiffs are informed and believe, and thereon allege, that the USA and its agents committed the acts herein alleged maliciously, fraudulently and oppressively in conscious disregard for Decedent's rights and that the conduct of USA and its agents was a substantial factor in causing Decedent's emotional distress.

**COUNT V**

**(SURVIVAL ACTION)- FTCA Claim against USA for Intentional Infliction of Emotional Distress (Non-Jury Claim) by HANNAH AN, an individual; TIFFANY VU; an individual; and VICTOR VU, an individual only**

48. Plaintiffs specifically reallege and incorporate by reference each and every allegation set forth above.

49. Defendant USA's treatment of Decedent while he was detained at FCI Lompoc violated the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674. This action is brought under the

-11-
**COMPLAINT**

JAHRMARKT & ASSOCIATES
10880 Wilshire Boulevard, Suite 2070
Los Angeles, California 90024
(310) 446-8989
(310) 446-8988 fax

California Survival Statutes (CCP § 377.20, 377.21, 377.30) and/or the Federal common law survival rule.

50. All conditions precedent to this lawsuit have been performed or have occurred, including providing pre-suit notice to the USA pursuant to the FTCA. Six months have elapsed from the date a pre-suit claim was filed. Therefore, all administrative exhaustion requirements have been met and this claim is ripe.

51. At all material times, the USA's treatment of Decedent during his detention, including but not limited to the failure to provide him reasonable and humane medical care, was conducted in an extreme and outrageous manner with the knowledge that Decedent was unable to care for himself during his incarceration.

52. The USA acted intentionally or with the reckless disregard of causing emotional distress.

53. As a direct and proximate result of the unlawful conduct of the USA and its agents, Decedent has suffered special damages, including but not limited to past and future loss of income, benefits, medical expenses, and other damages to be proven at the time of trial.

54. As a direct and proximate result of the unlawful conduct of the USA and its agents, Decedent has suffered general damages, including but not limited to shock, embarrassment, physical distress and injury, humiliation, severe emotional distress, stress and other damages to be proven at the time of trial.

55. Plaintiffs are informed and believe, and thereon

**COMPLAINT**

allege, that the USA and its agents committed the acts herein alleged maliciously, fraudulently and oppressively in conscious disregard for Decedent's rights and that the conduct of USA and its agents was a substantial factor in causing Decedent's emotional distress.

JAHRMARKT & ASSOCIATES
10880 Wilshire Boulevard, Suite 2070
Los Angeles, California 90024
(310) 446-8989
(310) 446-8988 fax

**COUNT VI**

**(WRONGFUL DEATH AND SURVIVAL ACTION) against DOE DEFENDANTS - Bivens Claim for Inadequate Medical Care**

56.   Plaintiffs specifically reallege and incorporate by reference each and every allegation set forth above.

57.   In the case of <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 397, 29 L. Ed. 2d 619, 91 S. Ct. 1999 (1971), the United States Supreme Court held that a victim of a constitutional violation by a federal official may bring a claim for money damages despite the absence of a statute creating a private right of action. The right of a <u>Bivens</u> action was extended in <u>Carlson v. Green</u>, 446 U.S. 14, 100 S. Ct. 1468, 64 L. Ed. 2d 15 (1980), to recognize an implied action for damages against federal prison officials for violations of the Eighth Amendment.

58.   In <u>Carlson</u>, the Court held that federal prison officials could be sued for violations of the Eighth Amendment's prohibition on cruel and unusual punishment, notwithstanding the availability of a claim under the Federal Tort Claims Act against the United States. (*See also*, <u>Godoy-Aguirre v. Gilkey</u> (E.D. Cal. 2006) 2006 U.S.

-13-
**COMPLAINT**

JAHRMARKT & ASSOCIATES
10880 Wilshire Boulevard, Suite 2070
Los Angeles, California 90024
(310) 446-8989
(310) 446-8988 fax

Dist. LEXIS 63979) The deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment and states a cause of action under Bivens.

59. This is a claim against all Doe Defendants who were agents of the USA in their individual capacity, ("INDIVIDUAL DEFENDANTS"), and DOES 1-10. This action is brought under the California Wrongful Death Statute (CCP § 377.60, 377.61, 377.62), the California Survival Statutes (CCP §377.20, 377.21, 377.30) and/or the Federal common law survival rule.

60. The INDIVIDUAL DEFENDANTS and DOES 1-10 violated Decedent's right to adequate medical care under the Fifth, Eighth and Fourteenth Amendments of the USA Constitution by failing to treat Decedent's known serious medical condition.

61. At all material times, the INDIVIDUAL DEFENDANTS and DOES 1-10 knew or should have known that Decedent had serious and life-threatening conditions if not allowed access to proper medical care.

62. The INDIVIDUAL DEFENDANTS and DOES 1-10 purposefully denied Decedent essential medical care for known serious medical conditions, despite knowledge of said conditions and that such conditions could lead to serious complications and/or death.

63. The actions of The INDIVIDUAL DEFENDANTS and DOES 1-10 were so substandard and egregious that they were outside the course and scope of their employment. Their actions and judgments in ostensibly rendering "medical care"

-14-
**COMPLAINT**

to Decedent were so far below the acceptable standard that the INDIVIDUAL DEFENDANTS and DOES 1-10 could not have been making a "medical" judgment in their decision to deny Decedent a very basic medical care and treatment.

64. The actions of the INDIVIDUAL DEFENDANTS and DOES 1-10 were outside of the scope of "medical or related functions" as defined in 42 U.S.C. § 233(a) because their decision to deny Decedent medical care was not based on a medical reason, but rather economic and/or other constitutionally impermissible reasons unrelated to the provision of medical services.

65. Each of the INDIVIDUAL DEFENDANTS and DOES 1-10 were acting under color of law by exercising power made possible because the Defendants were clothed with the authority of federal law.

66. The INDIVIDUAL DEFENDANTS and DOES 1-10 acted with deliberate indifference to the serious health needs protected by the Fifth, Eighth, and Fourteenth Amendments to the USA Constitution, subjected Decedent to dangerous and debasing conditions of confinement, and violated basic fundamental rights to safe and humane confinement. The inhumane conditions of confinement caused Decedent medical injuries as alleged in this Complaint. The conduct constituted cruel and unusual punishment and a violation of due process.

67. The INDIVIDUAL DEFENDANTS and DOES 1-10 violated clearly established law by failing to adequately treat and/or diagnose a known serious medical condition.

-15-
**COMPLAINT**

JAHRMARKT & ASSOCIATES
10880 Wilshire Boulevard, Suite 2070
Los Angeles, California 90024
(310) 446-8989
(310) 446-8988 fax

As a result of the Defendants' constitutional violations of Decedent's rights, Decedent sustained injuries and damages as follows:

    a. Non-economic damages consisting of past physical and mental pain and suffering, mental anguish, emotional stress, and the loss of the enjoyment of a full and complete life;

    b. Physical impairment and disfigurement;

    c. Death;

    d. Economic losses consisting of past medical and health care expenses and loss of future earning capacity and ability to earn money in the future.

68. The conduct of each of the INDIVIDUAL DEFENDANTS and DOES 1-10 constitutes a reckless or callous disregard of Decedent's constitutional right to adequate medical care, entitling Plaintiffs to punitive damages.

**COUNT VII**

**(WRONGFUL DEATH AND SURVIVAL ACTION) against DOE DEFENDANTS - Bivens Claim for Substantive Due Process Interference with Familial Relationship**

69. Plaintiffs specifically reallege and incorporate by reference each and every allegation set forth above.

70. As a result of the actions of the INDIVIDUAL DEFENDANTS and DOES 1-10, Plaintiffs lost the loving companionship, care and comfort of their father, husband and familial association with him for the rest of their lives.

-16-
**COMPLAINT**

JAHRMARKT & ASSOCIATES
10880 Wilshire Boulevard, Suite 2070
Los Angeles, California 90024
(310) 446-8989
(310) 446-8988 fax

71. The INDIVIDUAL DEFENDANTS and DOES 1-10 owed a duty of care to Decedent to allow him to live.

72. The INDIVIDUAL DEFENDANTS and DOES 1-10 breached their duty of care through deliberate indifference as alleged previously.

73. As a result of Decedent's death under supervision of the INDIVIDUAL DEFENDANTS and DOES 1-10, Plaintiffs face hardship and injury due to their loss of companionship, mental pain and anguish, and loss of Decedent's earning potential, for which they are entitled to collect damages.

## JURY DEMAND

74. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands trial by jury of all issues so triable that are raised herein or which hereinafter may be raised in this action. This demand does not apply to any claim made under the FTCA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

## ON ALL CAUSES OF ACTION

1. For damages according to proof at time of trial, plus interest at the maximum legal rate

2. For exemplary and punitive damages according to proof at time of trial;

3. For all damages available to the Plaintiff under the California and Federal Survival Rule as well as the

-17-
**COMPLAINT**

California Wrongful Death Statute;

4.    For costs of suit incurred herein;

5.    For such other and further relief as the Court deems just and proper.

Dated: May 10, 2017                JAHRMARKT & ASSOCIATES

By: _____
JOHN JAHRMARKT
Attorney for Plaintiffs
HANNAH AN, an individual;
TIFFANY VU; an individual,
VICTOR VU, an individual;
HANNAH AN, as the
Administrator of THE ESTATE
OF MICHAEL CROOK

JAHRMARKT & ASSOCIATES
10880 Wilshire Boulevard, Suite 2070
Los Angeles, California 90024
(310) 446-8989
(310) 446-8988 fax

-18-
**COMPLAINT**